[Civ. No. 1985. First Appellate District, Division Two.—February 26, 1938.]

THE PEOPLE, Respondent, v. LOUISE PAPAJOHN, Appellant.

194

George M. Lipman and Kenneth Carlton Zwerin for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was tried and convicted upon an information charging a violation of section 274 of the Penal Code in the administration of "a certain medicine and substance calculated to produce a miscarriage".

The appeal attacks the sufficiency of the evidence and of the corroboration of the complaining witness. Complaint is also made of the refusal of the trial court to instruct the jury in the terms of section 1108 of the Penal Code.

The testimony of the complaining witness detailing the treatment given her by the defendant is clear and explicit, and fully sustains the verdict in so far as her direct testimony is concerned. In this she was corroborated by her husband who may or may not have been an accomplice, depending upon how the jury viewed the testimony of all the parties.

The failure to give the proffered instruction presents the serious problem. Section 1108 of the Penal Code provides that the defendant cannot be convicted in an abortion case on the testimony of the complaining witness unless she is corroborated by other evidence. Section 1111 of the same code covers the matter of corroboration of accomplices generally. The trial court instructed the jury in accordance with the latter section, defined an accomplice in the terms of that section, and advised the jury that it was to determine in the light of all the evidence "whether any of the witnesses against this defendant were accomplices". Under this instruction the jury was asked to determine whether the complaining witness or her husband was an accomplice, and the jury was advised in effect that if it found neither to be an accomplice, no corroboration of the wife's testimony was necessary. By these instructions the appellant was deprived

of a substantial right because, in view of section 1108, the jury should have been told that the wife's testimony must be corroborated no matter what it found her status to be.

The failure to give the instruction covering section 1108 was error, and we cannot say that it was not prejudicial error because under the evidence it is not possible to say how the jury found on the issue of which one, if any, of the witnesses was an accomplice.

The judgment is reversed, and the cause is remanded for a new trial.

Sturtevant, J., and Spence, J., concurred.